UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
MAR 03 2021
CLERK

| | |
|---|---|
| FRANKLIN SANDOVAL NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>JIM CROYMANS, Chief of Police, City of Sisseton, in his official and individual capacities; CITY OF SISSETON, A Municipal corporation in the official and individual capacities; KERRY M. CAMERON, former Roberts County State's Attorney, in his official and individual capacities; TIM ZEMPEL, Roberts County Commissioner, in his official and individual capacities; ROBERTS COUNTY, in the official and individual capacities; TIMOTHY J. CUMMINGS, Officer of the Court, in his official and individual capacities; ROBIN WEINKAUF, a/k/a/ Anger Skidmore (Prosecutrix) in her official and individual capacities; BRENT FLUKE, Warden, Mike Durfee State Prison, in his official and individual capacities; DARIN YOUNG, Warden, South Dakota State Prison, in his official and individual capacities; and ROBERT W. DOOLEY, former Warden, Mike Durfee State Prison, in his official and individual capacities;<br><br>Defendants. | 1:21-CV-01007-CBK<br><br>ORDER |

Plaintiff, a former prisoner, filed a complaint under 42 U.S.C. § 1983 claiming defendants, acting under color of state law, violated his rights under Brady[1], Bagley[2], Giglio[3], the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, subjected him to malicious prosecution and unlawful incarceration from 2014 to 2019, were deliberately indifferent, and engaged in gross negligence in connection with an overturned conviction. He has filed an application to proceed without the prepayment of fees.

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).
[2] United States v. Bagley, 473 U.S. 667 (1985).
[3] Giglio v. United States, 405 U.S. 150 (1972).

28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. However, other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). The district courts are required to screen plaintiff's claims to determine whether the action

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In an effort to curb the flood of non-meritorious claims filed by prisoners, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 203-04, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). The PLRA introduced a three-strikes rule which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "In other words, for most three strikers, all future filing fees become payable in full upfront." Bruce v. Samuels, 577 U.S. 82, 86, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016).

While plaintiff was incarcerated, he became subject to the three-strikes rule because, on at least three occasions, he filed a civil proceeding which was dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. Nelson v. Gilbertson, 3:17-CV-03023-CBK Doc. 30 (D.S.D. March 11, 2019). However, the three-strikes rule does not apply to a person who is not incarcerated at the time they filed their complaint. Haley v. United States Gov't, 674 F. App'x 616 (8th Cir. 2017).

Plaintiff filed a declaration of poverty on a form applicable to prisoners. Those forms are usually accompanied by an inmate trust account report. The Court is unable to discern whether

2

plaintiff is entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915 under the present record.

Now, therefore,

IT IS ORDERED that the Clerk of Courts shall provide to plaintiff an application to proceed in District Court without prepaying fees or costs, long form, AO 239. Plaintiff shall file a completed copy of AO 239 on or before March 31, 2021. Failure to do say may result in dismissal for failure to prosecute.

DATED this 26th day of February, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge