UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
JUN 0 7 2021

| | |
|---|---|
| FRANKLIN SANDOVAL NELSON,<br><br>        Plaintiff,<br><br>vs.<br><br>JIM CROYMANS, CHIEF OF POLICE, CITY OF SISSETON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; CITY OF SISSETON, A MUNICIPAL CORPORATION IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; KERRY M. CAMERON, FORMER ROBERTS STATE'S ATTORNEY IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; TIM ZEMPEL, ROBERTS COUNTY COMM. IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; ROBERTS COUNTY, IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; TIMOTHY J. CUMMINGS, OFFICER OF THE COURT (LAWYER) IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; ROBIN WEINKAUF, A/K/A/ ANGER, SKIDMORE (PROSECUTRIX) IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; BRENT FLUKE, WARDEN, MIKE DURFEE STATE PRISON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PRISON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND ROBERT W. DOOLEY, FORMER WARDEN OF MDSP IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>        Defendants. | 1:21-CV-01007-CBK<br><br><br>ORDER |

This matter is before the Court on defendant, Timothy J. Cummings's motion for judicial notice pursuant to Federal Rule of Evidence 201 to recognize his prior appointment as plaintiff's defense attorney in a state criminal case, and Nelson's prior conviction in that prior case.

Cummings was appointed as Nelson's attorney on October 29, 2013, to represent Nelson in South Dakota State Court where he faced charges of rape in the third degree. Doc. 24-1 at 1, Exhibit 1. Nelson was convicted on October 24, 2014. Doc. 24-2 at 1-2, Exhibit 2. On January 27, 2019, a habeas court overturned Nelson's conviction. Doc. 1 at 3. Nelson then filed a claim under 42 U.S.C. § 1983, alleging a violation of his Constitutional rights for his imprisonment. Id. This motion for judicial notice asks the Court to recognize Cummings's appointment as Nelson's defense attorney and the fact of Nelson's prior conviction. Doc. 24 at 2.

Judicial notice is governed by Federal Rules of Evidence ("FRE") 201 Judicial Notice of Adjudicative Facts. Fed. R. Evid. 201.

> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Id.

Adjudicative facts are specific to the case, while legislative facts are those relevant to legal reasoning and the lawmaking process, such as a legal principle. Id. To receive judicial notice the adjudicative fact cannot be subject to reasonable dispute. Id. This does not mean the fact must be universally known, simply that it is general knowledge which a reasonably informed person might know. Id.

The facts at issue here are classic adjudicative facts and the Court will take judicial notice. The facts are not necessary to applying legal principles or interpreting the law and, thus, fall within the scope of FRE 201. They are specific to this case because Nelson's claim under 42 U.S.C. § 1983 against Cummings stems from Cummings being Nelson's appointed attorney and Nelson's prior conviction. Additionally, the facts are

from a source whose accuracy cannot reasonably be questioned. Judicial notice can be granted to adjudicative facts if they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Per the fact that this motion is requesting judicial notice of prior rulings by the South Dakota Fifth Judicial Circuit, the source of these facts cannot reasonably be questioned. Finally, the Court must take judicial notice when a party requests it and supplies the Court with the necessary information. Id.

In addition to the facts qualifying for judicial notice per FRE 201, the United States Court of Appeals for the Eighth Circuit in Thompson v. R.J. Reynolds Tobacco Co. recognized that it is proper to grant judicial notice of a prior judicial ruling relevant to the case. Thompson v. R.J. Reynolds Tobacco Co., 760 F.3d 913, 917-918 (8th Cir. 2014).

IT IS HERE BY ORDERED that defendant's motions, Docs. 18 and 24, for judicial notice are GRANTED.

DATED this 7th day of June, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge