UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| FRANKLIN SANDOVAL NELSON,<br><br>        Plaintiff,<br><br>vs.<br><br>JIM CROYMANS, CHIEF OF POLICE, CITY OF SISSETON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; CITY OF SISSETON, A MUNICIPAL CORPORATION IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; KERRY M. CAMERON, FORMER ROBERTS STATE'S ATTORNEY IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; TIM ZEMPEL, ROBERTS COUNTY COMM. IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; ROBERTS COUNTY, IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; TIMOTHY J. CUMMINGS, OFFICER OF THE COURT (LAWYER) IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; ROBIN WEINKAUF, A/K/A/ ANGER, SKIDMORE (PROSECUTRIX) IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; BRENT FLUKE, WARDEN, MIKE DURFEE STATE PRISON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PRISON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND ROBERT W. DOOLEY, FORMER WARDEN OF MDSP IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>        Defendants. | 1:21-CV-01007-CBK<br><br><br>MEMORANDUM OPINON AND<br><br>ORDER |

This matter is before the Court on defendants Robert Dooley, Brent Fluke, and Darin Young's motion to dismiss all claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 9 at 1.

## BACKGROUND

Franklin Sandoval Nelson was prosecuted in South Dakota State Court in the City of Sisseton in Roberts County, for charges of rape in the third degree. Doc. 21 at 3. The State court convicted Nelson on October 24, 2014. Doc. 21 at 2. On January 27, 2019, a court granted Nelson's petition for Habeas relief, overturning his conviction. Doc. 1 at 3.

The habeas court concluded that Nelson deserved a new trial because important evidence had not been presented to the jury at time of the trial. Doc. 19-1 at 3-4. The conviction rested primarily on the credibility of the victim, Robin Weinkauf. Id. at 2. Nelson's counsel in his habeas proceeding found a Department of Criminal Investigation Report ("D.C.I. Report") containing the results of a D.N.A. exam of Weinkauf's clothing from the incident, which did not contain Nelson's D.N.A. Id. at 2-3. At the time of the original trial, the D.C.I. Report was available, or at least in law enforcement's possession. Id. at 2. However, both the prosecuting attorney, Kerry Cameron and Nelson's defense counsel, Timothy J. Cummings, testified they were unaware of the D.C.I. Report's existence at the time of the trial. Id. The habeas court concluded that the D.C.I. Report was material to the case, and that its absence deprived Nelson of his right to a fair trial. Id. at 4. The habeas court went on to conclude that Nelson deserved a new trial. Id. That said, the habeas court "[did not find] that the D.C.I. Report establishes Nelson's innocence." Id. The charges against Nelson were dismissed by the state's attorney a few weeks later, on February 21, 2019. Doc. 1 at 3.

On February 18, 2021, Nelson filed a claim *pro se* under 42 U.S.C. § 1983, alleging that defendants, acting under "color of state law", violated several of his Constitutional rights. Id. Nelson claims that defendants violated his Constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as well as his rights under Brady v. Maryland, United States v. Bagley, and Giglio v. United States. See Brady v. Maryland, 373 U.S. 93 (1963), United States v. Bagley, 473 U.S. 667 (1985), Giglio v. United

States, 405 U.S. 150 (1972). Nelson further alleges that defendants violated these rights by subjecting him to malicious prosecution and unlawful incarceration from 2014 to 2019, being deliberately indifferent, and carrying out their respective responsibilities with gross negligence. Doc. 1 at 3.

Nelson claims defendants acted under color of law as government employees, and "as [Nelson's] jailer [are] liable for damages for unlawful incarceration." Doc. 1 at 3-4, 6.

Nelson claims he was wrongfully convicted and unconstitutionally incarcerated, and this violated his Fifth and Fourteenth Amendment Due Process rights. Id. at 3. Nelson argues these rights were violated by his incarceration from 2014-2019. Id. at 6.

Nelson claims the habeas court's finding that the withholding of the D.C.I. Report in the original trial was material proves there was a violation of his rights under Brady, Bagley, and Giglio, which entitles him to actual, special, exemplary, treble, and punitive damages. Doc. 1 at 3, 11.

Nelson finally requests "injunctive relief to WARDENS to turn over legal papers…and Wardens create paper trail-computerized listing of legal-inmates belongings." Doc. 1 at 11.

The defense argues that defendants are protected from suite personally under absolute immunity, and officially because the Eleventh Amendment bars actions for monetary damages from State officials in their official capacity. Doc. 9 at 2.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 667-78 (2009).

> "[T]he rules of procedure continue to allow notice pleading through a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."

3

Johnson v. Precythe, 954 F.3d 1100, 1101 (8th Cir. 2020) (internal citations omitted) (cleaned up).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion, the court may consider the complaint, materials that are part of the public record, or materials necessarily embraced by the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive the motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . ." Id. at 555. In addition, the factual contents of the complaint must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Braden v. Walmart Stores, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

Nonetheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). When assessing the merits of a complaint challenged under Fed. R. Civ. P. 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

One caveat is that complaints by prisoners writing *pro se* must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

All that said, *pro se* litigants are not excused from complying with Fed. R. Civ. P. 8(a). Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). Although this Court must accept as true any well-pleaded facts, the Court need not accept "threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. "When we say that a *pro se* complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

## DISCUSSION

42 U.S.C. § 1983 authorizes private parties to file complaints against any person: individuals, municipalities, or any defendant who (1) acts under the "color of state law" and (2) violates "any rights, privileges, or immunities secured by the Constitution and laws [of the U.S.] . . ." 42 U.S.C. § 1983; see, West v. Atkins, 487 U.S. 42, 48 (1988). An act falls under the "color of state law" when it is a "[m]issue of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. . ." Monroe v. Pape, 365 U.S. 167, 184 (1961) (quoting United States v. Classic, 313 U.S. 299, 325-26 (1946)). An example would be a state official carrying out his or her official duties in accordance with state law.

Nelson's § 1983 claim is against the defendants in their official and personal capacities. Doc. 1 at 6. An official capacity claim in a § 1983 action "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" Ky. v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). A suit against one in an official capacity "is *not* a suit against the official personally....a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Id. at 166. Nelson's claim against the defendants Dooley, Fluke, and Young in their official capacities is thus against the State of South Dakota since the defendants were employed by the South Dakota Department of Corrections. Doc. 1 at 1, 6.

In Will v. Mich. Dep't of State Police, the Supreme Court held that States are not "persons" within the meaning of § 1983 and cannot be sued for monetary relief. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989); see also, Green v. Burl, 799 Fed.

5

Appx. 945 (8th Cir. 2020) (in *per curiam* decision held that official capacity claim in a § 1983 action against prison wardens was barred by Eleventh Amendment sovereign immunity). The Court found that Congress, when enacting § 1983, "had no intention to disturb the State's Eleventh Amendment immunity...," and thus § 1983 monetary reward against a State sued in official capacity is barred by the Eleventh Amendment, unless the State waives the immunity. Will, 491 U.S. at 65. Neither the motions nor the facts waive or could be purported to waive this immunity. Id. Nelson's claim for monetary damages against South Dakota is thus barred by Eleventh Amendment immunity. See also, Green, 199 Fed. Appx. 945.

While an official sued in his or her personal capacity is a "suable" person under a § 1983 action, Hafer v. Melo, 502 U.S. 21, 30 (1991), Eighth Circuit precedent is clear that wardens are "absolutely immune from damages flowing from the *fact* of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement." Patterson v. Von Riesen, 999 F.2d 1235 (8th Cir. 1993). The court in Patterson found that at common law jailers were absolutely immune against actions alleging wrongful confinement, and that "officials acting pursuant to a facially valid court order have a quasi-judicial absolute immunity from damages for actions taken to execute that order." Id. at 1239-40.

Nelson states his § 1983 claim against the defendants in their personal capacity stems only from his "unlawful incarceration." Doc. 1 at 6. Nelson does not claim the defendants violated his constitutional rights through other means, nor does he claim the defendants committed other unlawful acts. The defendants also acted pursuant to a valid order: Nelson's conviction by the Fifth Judicial Circuit Court of South Dakota. Doc. 24-2. This is unlike Henry v. Sanchez, where the California Central District Court refused to adopt the holding in Patterson because the warden had not been acting in accordance with a court order. Henry v. Sanchez, 923 F. Supp. 1266, 1272 (C.D. Cal. 1996). In addition to a valid court order, Eighth Circuit precedent in Figg v. Russell supports that an order for incarceration is valid until a writ of habeas corpus is issued. Figg v. Russell, 433 F.3d 593, 597-98 (8th Cir. 2006). In Figg the court found the defendant wardens were

6

absolutely immune for incarcerating the plaintiff for 416 days until the plaintiff had been issued a writ of habeas corpus. Id. at 599. In this case, Nelson's claim is for his incarceration from October 2014 to January 2019. Doc. 1 at 6. Similar to Figg, the habeas court did not grant Nelson's writ until January 23, 2019. Doc. 19-2, at 2. For these reasons, the Court finds that defendants Dooley, Fluke, and Young followed a valid order. Since Nelson does not claim the defendants violated his rights through some other means, or were in other ways unlawful, and because the defendants acted pursuant to a valid order, Nelson's claim against the wardens thus flows from the *fact* that Nelson was incarcerated. Thus, Dooley, Fluke, and Young are absolutely immune from Nelson's § 1983 claim against them in their personal capacities.

Absolute immunity applies to Dooley, Fluke, and Young as wardens following a valid order for three policy reasons articulated in Patterson. "First, because the judge and parole officers have absolute immunity, wardens are likely to be the focus of suits challenging the fact of confinement," and become inundated with litigation from resentful prisoners. Patterson, 999 F.2d at 1240. Second, "[w]ardens should not be required to make the Hobson's choice between disobeying the court order or being haled into court to answer for damages," for following a valid court order. Id. "Finally, such suits present a serious threat to the integrity of the judicial process," because a warden would have to question the validity of each court order in order to avoid liability for unlawful imprisonment. Id. "Officials such as the [wardens] must not be required to act as pseudo-appellate courts scrutinizing the orders of judges." Id. at 1241 (citing Valdez v. Denver, 878 F.2d 1285, 1289 (10th Cir. 1989) (internal citations omitted) (cleaned up).

Nelson finally requests "injunctive relief to WARDENS to turn over legal papers . . . and Wardens create paper trail-computerized listing of legal-inmates belongings." Doc. 1 at 11.

Nelson's final request for "injunctive relief . . . to turn over legal papers . . . and [sic] Wardens create paper trail- computerized listing of legal-inmates belongings" fails to state a claim upon which relief can be granted. Nelson's release from prison made moot any claim for such injunctive relief. Smith v. Hundley, 190 F.3d 852, 855 (8th Cir.

1999) (concluding that plaintiff's transfer to different prison facility rendered his claims for declaratory and injunctive relief moot), Hickman v. Missouri, 144 F.3d 1141, 1142-43 (8th Cir. 1998) (holding that prisoners' claims for declaratory relief under the ADA were moot once the prisoners were released on parole).

## ORDER

IT IS HEREBY ORDERED that the motion of defendants Dooley, Fluke, and Young to dismiss for failure to state a claim upon which relief can be granted, Doc. 9, is GRANTED.

DATED this 4th day of August, 2021.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge