UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| FRANKLIN SANDOVAL NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JIM CROYMANS, CHIEF OF POLICE, CITY OF SISSETON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; CITY OF SISSETON, A MUNICIPAL CORPORATION IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; KERRY M. CAMERON, FORMER ROBERTS STATE'S ATTORNEY IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; TIM ZEMPEL, ROBERTS COUNTY COMM. IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; ROBERTS COUNTY, IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; TIMOTHY J. CUMMINGS, OFFICER OF THE COURT (LAWYER) IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; ROBIN WEINKAUF, A/K/A/ ANGER, SKIDMORE (PROSECUTRIX) IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; BRENT FLUKE, WARDEN, MIKE DURFEE STATE PRISON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PRISON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND ROBERT W. DOOLEY, FORMER WARDEN OF MDSP IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>    Defendants. | 1:21-CV-01007-CBK<br><br>MEMORANDUM OPINON AND ORDER |

This matter is before the Court on defendant Kerry Cameron's motion to dismiss all claims asserted against him on the basis of absolute immunity and Roberts County's and Tim Zempel's motion to dismiss all claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 20.

## BACKGROUND

Kerry Cameron prosecuted Franklin Sandoval Nelson in South Dakota State Court in the City of Sisseton in Roberts County for charges of rape in the third degree. Doc. 21 at 3. The State court convicted Nelson on October 24, 2014. Doc. 21 at 2. On January 27, 2019, a court granted Nelson's petition for Habeas relief, overturning his conviction. Doc. 1 at 3.

The habeas court concluded that Nelson deserved a new trial because important evidence had not been presented to the jury at time of the trial. Doc. 19-1 at 3-4. The conviction rested primarily on the credibility of the victim, Robin Weinkauf. Id. at 2. Nelson's counsel in his habeas proceeding found a Department of Criminal Investigation Report ("D.C.I. Report") containing the results of a D.N.A. exam of Weinkauf's clothing from the incident, which did not contain Nelson's D.N.A. Id. at 2-3. At the time of the original trial, the D.C.I. Report was available, or at least in law enforcement's possession. Id. at 2. However, both Cameron and Nelson's defense counsel, Timothy J. Cummings, testified they were unaware of the D.C.I. Report's existence at the time of the trial. Id. The habeas court concluded that the D.C.I. Report was material to the case, and that its absence deprived Nelson of his right to a fair trial. Id. at 4. The habeas court went on to conclude that Nelson deserved a new trial. Id. That said, the habeas court "[did not find] that the D.C.I. Report establishes Nelson's innocence." Id. The charges against Nelson were dismissed by the state's attorney a few weeks later, on February 21, 2019. Doc. 1 at 3.

On February 18, 2021, Nelson filed a claim *pro se* under 42 U.S.C. § 1983, alleging that defendants, acting under "color of state law", violated several of his Constitutional rights. Id. Nelson claims Cameron is responsible for direct violation of these rights, while Roberts County and County Commissioner Zempel are "[sic]

2

responsible by the common practice" of Cameron as the prosecuting state's attorney. Doc. 1 at 4. Nelson claims that defendants violated his Constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as well as his rights under Brady v. Maryland, United States v. Bagley, and Giglio v. United States. See Brady v. Maryland, 373 U.S. 93 (1963), United States v. Bagley, 473 U.S. 667 (1985), Giglio v. United States, 405 U.S. 150 (1972). Nelson further alleges that defendants violated these rights by subjecting him to malicious prosecution and unlawful incarceration from 2014 to 2019, being deliberately indifferent, and carrying out their respective responsibilities with gross negligence. Doc. 1 at 3. Nelson states these several rights were violated due to the state's failure to turn over the D.C.I. Report containing the results of the D.N.A test.

Nelson claims defendants acted under color of law as government employees and as a government entity. Doc. 1 at 3-4.

Nelson claims he was wrongfully convicted and unconstitutionally incarcerated, and this violated his Fifth and Fourteenth Amendment Due Process rights. Id. at 3. Nelson also states his Sixth Amendment rights to confrontation and effective assistance of counsel were violated. Id. Nelson argues these rights were violated by "[sic] the denial of evidence" and Cummings' failure to place the D.C.I. Report into evidence during the original criminal case. Id.

Nelson claims the habeas court's finding that the withholding of the D.C.I. Report in the original trial was material and was a violation of his rights under Brady, Bagley, and Giglio, which entitles him to actual, special, exemplary, treble, and punitive damages. Doc. 1 at 3, 11.

The defense argues that Cameron is protected from suit under absolute immunity. Regarding Roberts County and Zempel, the defense argues that Nelson has not stated a cognizable claim for relief because the facts do not support a Monell claim under § 1983. Doc. 24 at 3-4. Monell v. Dep't of Soc. Servs., 436 U.S. 658.

3

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 667-78 (2009).

> "[T]he rules of procedure continue to allow notice pleading through a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."

Johnson v. Precythe, 954 F.3d 1100, 1101 (8th Cir. 2020) (internal citations omitted) (cleaned up).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion, the court may consider the complaint, materials that are part of the public record, or materials necessarily embraced by the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive the motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555. In addition, the factual contents of the complaint must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Braden v. Walmart Stores, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

Nonetheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). When assessing the merits of a complaint challenged under Fed. R. Civ. P. 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

4

One caveat is that complaints by prisoners writing *pro se* must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

All that said, *pro se* litigants are not excused from complying with Fed. R. Civ. P. 8(a). Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). Although this Court must accept as true any well-pleaded facts, the Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. "When we say that a *pro se* complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

## DISCUSSION

### I.

42 U.S.C. § 1983 authorizes private parties to file complaints against individuals, municipalities, or any defendant who (1) acts under the "color of state law" and (2) violates "any rights, privileges, or immunities secured by the Constitution and laws [of the U.S.] . . ." 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). An act falls under the "color of state law" when it is a "[m]issue of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. . ." Monroe v. Pape, 365 U.S. 167, 184 (1961) (quoting United States v. Classic, 313 U.S. 299, 325-26 (1946)). An example would be a state official carrying out his or her official duties in accordance with state law.

Regarding Cameron, the state's attorney, precedent is clear that the doctrine of absolute immunity protects prosecutors (for acts taken within the scope of a prosecutor's duties in initiating and pursuing a criminal prosecution) from § 1983 claims for violation

of constitutional rights, including presentation of the State's case at trial. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Prosecutorial immunity is "[t]he absolute immunity of a prosecutor from civil liability for decisions made and actions taken in a criminal prosecution." Prosecutorial Immunity, Black's Law Dictionary (11th ed. 2019). In Imbler v. Pachtman, the Supreme Court held that prosecutorial immunity protects prosecutors against § 1983 claims. Imbler, 424 U.S at 242. The Court reasoned that prosecutors needed to be protected from litigious defendants filing frivolous "revenge claims," which would distract prosecutors from their duties. Id. at 423.

That said, prosecutorial immunity is not infallible, as it protects prosecutors only for acts done in their role as an advocate, acts which are "intimately associated with the judicial phase of the criminal process. . ." Id. at 430; see also, Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (court affirms that absolute immunity applies to acts which occur in the course of an attorney's role as an advocate for the State), Saterdalen v. Spencer, 725 F.3d 838, 842 (8th Cir. 2012) (Eighth Circuit reaffirming holding in Imbler, that prosecutors are absolutely immune for acts done in the role of an advocate for the State). Prosecutorial immunity does not protect administrative or investigative acts; qualified immunity would protect these types of acts. Imbler at 430; see also, Buckley, 509 U.S. at 273, Saterdalen, 725 F.3rd at 842. "In determining whether particular actions of government officials fit within a common-law tradition of absolute immunity, or only the more general standard of qualified immunity, we have applied a 'functional approach,' which looks to 'the nature of the function performed, not the identity of the actor who performed it,'" Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (internal citations omitted) (quoting Burns v. Reed, 500 U.S. 478, 486 (1991) and Forrester v. White, 484 U.S. 219, 224 (1988)) (cleaned up).

Nelson contends that Cameron violated several of his constitutional rights and rights under Brady, Bagley, and Giglio through malicious persecution and gross negligence. However, Nelson does not plead any facts which would negate Cameron's absolute immunity. Nelson pleads that his rights were violated through malicious persecution and gross negligence. Nelson does not provide enough facts to support a

claim of malicious prosecution and, in arguendo, even if Nelson did meet the elements of a malicious prosecution claim, a prosecutor "is immune from a civil action for malicious prosecution based on an indictment and prosecution. . ." Imbler, 242 U.S. at 422 (discussing the policy that prosecutors should be immune from § 1983 malicious prosecution claims to protect prosecutors from harassment by unfounded litigation).

In support of Nelson's claims, particularly gross negligence, he relies on Cameron's failure to offer to admit a D.N.A. exam into evidence during trial. However, looking at the function, the act was done during the trial when Cameron acted as an advocate for the State and was acting "intimately . . . with the judicial phase of the criminal process." Imbler, 424 U.S at 230. The act was well within Cameron's role as an advocate for the State, and absolute immunity still protects Cameron from any claim stemming from an accidental omission of the D.N.A. exam into evidence. The Second Circuit of Appeals reached a similar conclusion in Warney v. Monroe County, where it reversed the lower court's ruling and held that absolute immunity protected prosecutors for failing to disclose exculpatory evidence. Warney v. Monroe County, 587 F.3d 113 (2nd Cir. 2009). The notable distinction from Warney is that the D.N.A. evidence in this case, as stated by the court which granted Nelson his habeas petition, is not exculpatory and did not exonerate Nelson.

Absolute immunity protects Cameron from Nelson's § 1983 claims because Cameron was an advocate for the State while performing the acts.

## II.

Nelson states Roberts County and Zempel, in his official and personal capacities, are liable for Cameron's common practices as a state's attorney. In effect, Nelson is arguing that Roberts County and Zempel are liable for Cameron's acts under the doctrine of *respondeat superior*. Nelson's suit against Zempel in his official capacity will be treated as a suit against Roberts County because "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent'" Ky. v. Graham, 473 U.S. 159, 165-66 (1985).

Nelson's claim against Roberts County and Zempel, in his official capacity, for Cameron's "common practices" is based on what the court liberally construes to be a Monell claim of liability under a theory of *respondent superior*. Doc. 1. In Monell v. Dep't of Soc. Servs., the Supreme Court held that "a municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A municipality may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694; see also, Szabla v. City of Brooklyn Park, 486 F.3d 385, 389 (8th Cir. 2007) (applies holding from Monell that a municipality cannot be held liable under a theory of *respondent superior*).

Nelson claims that Roberts County and Zempel, in his official capacity, are responsible only through *respondent superior*. As established, municipalities cannot be sued under this theory alone, even if they employed a tortfeasor. Nelson does not claim that Roberts County or Zempel had a policy or custom which caused Nelson injury and states no facts which could liberally be construed to state such a claim.

Apart from Monell holding that claims preceding only under a theory of *respondent superior* cannot succeed under § 1983, Monell does not award damages against a municipality when its employee is found to not have violated a constitutional right. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). This Court's finding that Cameron did not violate Nelson's constitutional rights due to absolute immunity precludes any liability falling on Roberts County or Zempel, in his official capacity, for Cameron's omission of the D.N.A. exam at trial. McCoy v. City of Monticello, 411 F.3d 920, 922 (8th Cir. 2005) ("[I]n order for municipal liability to attach, individual liability first must be found on an underlying substantive claim."). See also Turpin v. County of Rock, 262 F.3d 799, 784 (8th Cir. 2001) (where deputy was granted summary judgment on qualified immunity grounds, the county was likewise entitled to summary judgment).

Nelson's claim against Zempel in his individual capacity is conclusory and contains no supporting facts. Nelson's claim states, "commissioner Ted Zempel [is] responsible by the common practice of its state's attorney not turning over all evidence to defendant or their attorneys." Doc. 1 at 4. Nelson does not supply the Court with additional information beyond this statement. This statement is conclusory and does not provide a discernible claim for which relief can be granted.

Absolute immunity bars Nelson's § 1983 claim against Cameron, and Nelson fails to state a § 1983 claim against Roberts County and Zempel upon which relief can be granted.

### ORDER

IT IS HEREBY ORDERED that the motion of Kerry Cameron, Roberts County, and Tim Zempel to dismiss for failure to state a claim upon which relief can be granted, Doc. 20, is GRANTED.

DATED this 4th day of August, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge