UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| FRANKLIN SANDOVAL NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JIM CROYMANS, CHIEF OF POLICE, CITY OF SISSETON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; CITY OF SISSETON, A MUNICIPAL CORPORATION IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; KERRY M. CAMERON, FORMER ROBERTS STATE'S ATTORNEY IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; TIM ZEMPEL, ROBERTS COUNTY COMM. IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; ROBERTS COUNTY, IN THE OFFICIAL AND INDIVIDUAL CAPACITIES; TIMOTHY J. CUMMINGS, OFFICER OF THE COURT (LAWYER) IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; ROBIN WEINKAUF, A/K/A/ ANGER, SKIDMORE (PROSECUTRIX) IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; BRENT FLUKE, WARDEN, MIKE DURFEE STATE PRISON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PRISON IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND ROBERT W. DOOLEY, FORMER WARDEN OF MDSP IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>    Defendants. | 1:21-CV-01007-CBK<br><br>MEMORANDUM OPINON AND ORDER |

This matter is before the Court on defendant Timothy J. Cummings's motion to dismiss all claims asserted against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 22 at 1.

## BACKGROUND

Timothy Cummings was appointed as Franklin Sandoval Nelson's attorney on October 29, 2013, to represent Nelson in South Dakota State Court in the City of Sisseton in Roberts County, where he faced charges of rape in the third degree. Doc. 24-1 at 1. The jury convicted Nelson on October 24, 2014. Doc. 24-2 at 1-2. On January 27, 2019, a court granted Nelson's petition for Habeas relief, overturning his conviction. Doc. 1 at 3.

The habeas court concluded that Nelson deserved a new trial because important evidence had not been presented to the jury at time of the trial. Doc. 19-1 at 3-4. The conviction rested primarily on the credibility of the victim, Robin Weinkauf. Id. at 2. Nelson's counsel in his habeas proceeding found a Department of Criminal Investigation Report ("D.C.I. Report") containing the results of a D.N.A. exam of Weinkauf's clothing from the incident, which did not contain Nelson's D.N.A. Id. at 2-3. At the time of the original trial, the D.C.I. Report was available, or at least in law enforcement's possession. Id. at 2. However, both Cummings and the prosecuting state's attorney for Roberts County, Kerry Cameron, testified they were unaware of the D.C.I. Report's existence at the time of the trial. Id. The habeas court concluded that the D.C.I. Report was material to the case, and that its absence deprived Nelson of his right to a fair trial. Id. at 4. The habeas court went on to conclude that Nelson deserved a new trial. Id. That said, the habeas court "[did not find] that the D.C.I. Report establishes Nelson's innocence." Id. The charges against Nelson were dismissed by the state's attorney a few weeks later, on February 21, 2019. Doc. 1 at 3.

On February 18, 2021, Nelson filed a claim *pro se* under 42 U.S.C. § 1983, alleging that Cummings and others, acting under "color of state law," violated his Constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as well as his rights under Brady v. Maryland, United States v. Bagley, and Giglio v. United States.

See Brady v. Maryland, 373 U.S. 93 (1963), United States v. Bagley, 473 U.S. 667 (1985), Giglio v. United States, 405 U.S. 150 (1972). Nelson further alleges that Cummings and others violated these rights by subjecting him to malicious prosecution and unlawful incarceration from 2014 to 2019, being deliberately indifferent, and carrying out their respective responsibilities with gross negligence. Doc. 1 at 3. Nelson alleges that Cummings specifically violated a fiduciary duty, a duty of trust, and a duty of fidelity owed to Nelson as his defense counsel. Nelson claims that Cummings violated these duties by not complying with the strictures of the work product doctrine when Cummings turned over an audiovisual recording of a witness interview (alleging Nelson committed the crime) to the State.

Nelson's argument that Cummings acted under color of law is based on the fact that Cummings was Nelson's court appointed defense attorney. Doc. 1 at 3.

Nelson claims he was wrongfully convicted and unconstitutionally incarcerated, violating his Fifth and Fourteenth Amendment Due Process rights. Id. at 3. Nelson also states his Sixth Amendment rights to confrontation and effective assistance of counsel were violated. Id. Nelson argues these rights were violated by "[sic] the denial of evidence" and Cummings' failure to place the D.C.I. Report, police report, the victim's medical report, and the victim's audiovisual interview into evidence during the original criminal case. Id. Nelson does not provide further information on the contents of the reports or the interview, nor how their content would support his claim. Doc. 1.

Nelson claims the habeas court's finding that the withholding of the D.C.I. Report in the original trial was material and violated his rights under Brady, Bagley, and Giglio, which entitles him to actual, special, exemplary, treble, and punitive damages. Doc. 1 at 3, 11.

Nelson finally claims that Cummings violated his duties as a lawyer by turning over an audiovisual recording of a witness interview alleging Nelson committed the crime. Id. at 10. Nelson claims that the attorney work product privilege protected that evidence from disclosure to the opposing party. Id.

The defense argues that Nelson has not stated a cognizable claim for relief because the necessary "state action" element of a § 1983 claim has not been met. Doc. 24 at 3-4.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 667-78 (2009).

> "[T]he rules of procedure continue to allow notice pleading through a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."

Johnson v. Precythe, 954 F.3d 1100, 1101 (8th Cir. 2020) (internal citations omitted) (cleaned up).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion, the court may consider the complaint, materials that are part of the public record, or materials necessarily embraced by the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive the motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . ." Id. at 555. In addition, the factual contents of the complaint must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Braden v. Walmart Stores, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

Nonetheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). When assessing the merits of a complaint challenged under Fed. R. Civ. P. 12(b)(6), a court

should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

One caveat is that complaints by prisoners writing *pro se* must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

All that said, *pro se* litigants are not excused from complying with Fed. R. Civ. P. 8(a). Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). Although this Court must accept as true any well-pleaded facts, the Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. "When we say that a *pro se* complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

## DISCUSSION

42 U.S.C. § 1983 authorizes private parties to file complaints against individuals, municipalities, or any defendant who (1) acts under the "color of state law" and (2) violates "any rights, privileges, or immunities secured by the Constitution and laws [of the U.S.] . . ." 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). An act falls under the "color of state law" when it is a "[m]issue of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . ." Monroe v. Pape, 356 U.S. 167, 184 (quoting United States v. Classic, 313 U.S. 299, 325-26 (1946)). An example would be a state official carrying out his or her official duties in accordance with state law.

In Polk County v. Dodson, the Supreme Court held "that a public defender does not act under color of state law when performing a lawyer's traditional functions as

5

counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (applied Polk County holding to criminal defense attorneys appointed by federal court). The Supreme Court reasoned that while the State pays a public defender, the public defender acts as an adversary to the State and not under "color of state law." Polk County, 454 U.S. at 320-325. While Cummings is not a public defender, per the fact that Cummings was Nelson's defense counsel in a criminal proceeding, Cummings was an adversary to the State and did not act under "color of state law." Doc. 24-1 at 1; Doc. 25. Thus, Nelson's claim fails as a matter of law because an essential element of a § 1983 claim is not met.

Because Nelson's § 1983 claim fails, Nelson no longer has standing to be in this Court. Federal courts are courts of limited jurisdiction and Federal jurisdiction only exists if (1) the case presents a federal question or (2) there is complete diversity of citizenship, and (3) there is a sufficient amount in controversy. 28 U.S.C. §§ 1331-1332.

There is no federal question jurisdiction because Nelson's § 1983 claim failed to establish Cummings acted under "color of state law," and there is no other claim involving a federal statute or the U.S. Constitution. 28 U.S.C. § 1331.

There is no diversity jurisdiction because no facts support the conclusion that complete diversity exists between Nelson and Cummings. Doc. 1; 28 U.S.C. § 1332; Strawbridge v. Curtiss, 7 U.S. 267 (1806). Diversity of citizenship requires that the parties at the time of filing are citizens of different states. 28 U.S.C. § 1332(a)(1) (1980). Nelson has not raised any facts which would lead the Court to conclude that diversity of citizenship exists which would allow the Court to exercise jurisdiction over his state law claims. Doc. 1.

28 U.S.C. § 1367(c) states a district court "may decline to exercise supplemental jurisdiction over a claim . . . if (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(1); see also Mountain Home Flight Serv. v. Baxter County, 758 F.3d 1038, 1045 (8th Cir. 2014) (found that district court had acted within its discretion in declining to exercise supplemental jurisdiction over remaining state law claims after the § 1983 claim was dismissed). Apart from the § 1983 claim,

6

Nelson requests pecuniary damages for claims of a breach of fiduciary duty and what the court "liberally construes" to be a claim of attorney malpractice. Nelson's request for pecuniary damages, and his claim that Cummings violated his duties as a lawyer and failed to properly handle evidence are, in effect, state law claims of legal malpractice. As previously stated, there are no facts that would lead the Court to conclude that diversity jurisdiction would be proper in this case. Because this Court lacks jurisdiction over Nelson's other claims, there is no claim before the Court upon which relief can be granted. It is also apparent that the state statute of limitations, SDCL § 15-2-14.2, which states a claim "can be commenced only within three years after the alleged malpractice," has long since expired.

## ORDER

IT IS HEREBY ORDERED that defendant Cummings' motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), Doc. 22, is GRANTED.

DATED this 4th day of August, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge